IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HOWARD "HOWIE" HAWKINS**          :
410 W. Beard Avenue                 :
Syracuse, NY 13205,                 :
                                    :
and                                 :
                                    :
**DARIO HUNTER**                    :
340 S. Lemon Avenue                 :     Case No. 2:20-cv-2781
Walnut, CA 91789,                   :
                                    :     Judge James L. Graham
and                                 :
                                    :     Magistrate Judge Chelsey M. Vascura
**JOSEPH R. DeMARE**                :
517 S. Main Street                  :
Bowling Green, OH 43402,            :
                                    :
and                                 :
                                    :
**BECCA CALHOUN**                   :
2626 Dover Road                     :
Columbus Ohio 43209,                :
                                    :
and                                 :
                                    :
**NATHANIEL LANE**                  :
1324 Burdette Avenue                :
Cincinnati OH 45206,                :
                                    :
and                                 :
                                    :
**BRETT JOSEPH**                    :
11346 Girdled Road                  :
Concord Twp., OH 44077,             :
                                    :
and                                 :
                                    :                                    :
**ANITA RIOS**                      :
2626 Robinwood Avenue               :
Toledo, Ohio 43610                  :
                                    :
                    Plaintiffs,     :

[1]

v.                                              :
                                                :
**RICHARD "MIKE" DeWINE**                       :
In His Official Capacity As                     :
Governor of the State of Ohio                   :
77 S. High Street                               :
30th Floor                                      :
Columbus, Ohio 43215,                           :
                                                :
and                                             :
                                                :
**FRANK LaROSE**                                :
In His Official Capacity As                     :
Secretary of State for the State of Ohio        :
22 N. Fourth Street                             :
16th Floor                                      :
Columbus, Ohio 43215,                           :
                                                :
and                                             :
                                                :
**AMY ACTON**                                   :
In Her Official Capacity As                     :
Director of the Ohio Department of Health       :
246 N. High Street                              :
Columbus, OH 43215                              :
                                                :
                         Defendants.            :

## AMENDED VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF WITH TEMPORARY RESTRAINING ORDER REQUESTED

**Introduction**

1.      This is an action to enjoin the enforcement of Ohio's ballot access requirements for the November 3, 2020 general election, specifically the in-person nominating petition signing and filing requirements to qualify independent candidates for the November 3, 2020 general election ballot. Enforcement of such requirements are unconstitutional as applied here due to the emergency orders adopted by the State of Ohio for the public health emergency caused by the novel coronavirus "COVID-19".

[2]

2.     This is also an action to enjoin the enforcement of Ohio's requirements to form a minor political party, specifically the in-person petition signing and filing requirements to organize a minor political party.  Enforcement of such requirements are unconstitutional as applied here due to the emergency orders adopted by the State of Ohio for the public health emergency caused by the novel coronavirus "COVID-19".

3.     This action seeks an order declaring that enforcement of Ohio's ballot access requirements for the November 3, 2020 general election, specifically the in-person nominating petition signing and filing requirements to qualify independent candidates for the November 3, 2020 general election ballot, are unconstitutional as applied here due to the State's emergency orders.

4.     This action also seeks an order declaring that enforcement of Ohio's requirements to form a minor political party, specifically the in-person petition signing and filing requirements to organize a minor political party, are unconstitutional as applied here due to the State's emergency orders.

5.     The State of Ohio recognizes the use of popular democratic measures to nominate candidates for election to public office.

6.     Nominating candidates by petition in the State of Ohio was first recognized in 1929 when the definition of "qualified political party" in Ohio Gen. Code §4785-61 was amended to provide that "those political associations that presented nominating petitions supported by signatures from voters equal in number to 15% of the total vote for Governor in the preceding election" would be qualified political parties.

7.     Today, Ohio Rev. Code §§3501.38(A) through 3501.38(C) provide that electors qualified to vote for a candidate who is the subject of a petition shall sign the petition; signatures shall be affixed in ink, and each signer may also print the signer's name to clearly identify the signer's

signature; and each signer shall place on the petition after the signer's name the date of signing and the location of the signer's voting residence.

8.      To appear on the November 3, 2020 general election ballot, Ohio Rev. Code §3513.257 requires that an independent candidate for President of the United States file his or her nominating petition with the Ohio Secretary of State no later than 4:00 p.m. on August 5, 2020, and that the nominating petition contain no fewer than 5,000 signatures from qualified Ohio electors.

9.      Persons forming a minor political party are required by Ohio Rev. Code §§3517.01(A) and 3517.012(A) to file a party formation petition with the Secretary of State, and that the party formation petition must:

a.      Be signed by qualified electors equal to at least 1 percent of the total vote for governor or nominees for presidential electors at the most recent election for such office;

b.      Be signed by not fewer than 500 qualified electors from each of at least onehalf of the congressional districts in the state;

c.      Declare the petitioners' intention to organize a minor political party and participate in the succeeding general election that occurs more than 125 days after the filing date;

d.      Designate a committee of not less than three nor more than five of the petitioners, who will represent the petitioners in all matters relating to the petition; and

e.      Name the prospective minor political party in the declaration, which must not be similar to that of an existing party name.

[4]

Upon filing the petition, the party comes into legal existence as a minor political party and is entitled to nominate candidates to appear on the ballot in a general election on odd or even-numbered years occurring more than 125 days after the filing date.

10.     Ohio's "COVID-19" emergency orders prevent the personal contact required for compliance with Ohio Rev. Code §§3501.38(A) through 3501.38(C); with Ohio Rev. Code §3513.257; and with Ohio Rev. Code §§3517.01(A), 3517.012(A), and 3517.011.

**Jurisdiction and Venue**

11.     Plaintiffs invoke the original jurisdiction of this Court under 28 U.S.C. §1331, granting this Court original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

12.     Plaintiffs invoke the original jurisdiction of this Court under 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4) to redress the deprivation under color of State law, statute, ordinance, regulation, custom, or usage those rights, privileges, or immunities secured by the Constitution of the United States, and recover relief under any Act of Congress providing for the protection of civil rights.

13.     Plaintiffs invoke the original jurisdiction of this Court under 42 U.S.C. §1983 to grant relief where, under color of any State law, statute, ordinance, regulation, custom, or usage, any citizen of the United States or other person within the jurisdiction thereof is subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.

14.     Plaintiffs invoke the original jurisdiction of this Court under 42 U.S.C. §1988 to award reasonable attorney's fees in an action to enforce 42 U.S.C. §1983.

15.     Plaintiffs invoke the original jurisdiction of this Court under 28 U.S.C. §2201 to declare the rights and legal relations of interested parties seeking such declaration.

16.     Venue in this Court is proper under 28 U.S.C. §1391(b)(1) because one or more defendants reside in this judicial district and all the defendants reside in the State of Ohio.

**Parties**

17.     Howard "Howie" Hawkins is a plaintiff and independent candidate for election as President of the United States seeking to qualify for the November 3, 2020 general election ballot in the State of Ohio.

18.     Dario Hunter is a plaintiff is a plaintiff and independent candidate for election as President of the United States seeking to qualify for the November 3, 2020 general election ballot in the State of Ohio.

19.     Joseph R. DeMare is a plaintiff and registered voter in the State of Ohio.  He is an experienced circulator of candidates' nominating petitions, has successfully gathered signatures to nominate candidates, and seeks to do so for the November 3, 2020 general election in the State of Ohio.  He also seeks to circulate, and gather signatures for, a petition to form the Green Party of Ohio as a minor political party under Ohio law.  He is in one or more high-risk categories subject to life-threatening complications from "COVID-19".

20.     Nathaniel Lane is a plaintiff and registered voter in the State of Ohio.  He is an experienced circulator of candidates' nominating petitions, has successfully gathered signatures to nominate candidates, and seeks to do so for the November 3, 2020 general election in the State of Ohio.  He also seeks to circulate and gather signatures for a petition to form the Green Party of Ohio as a minor political party under Ohio law.  He is in one or more high-risk categories subject to life-threatening complications from "COVID-19".

21.     Brett Joseph is a plaintiff and registered voter in the State of Ohio.  He is an experienced circulator of candidates' nominating petitions, has successfully gathered signatures to nominate

[6]

candidates, and seeks to do so for the November 3, 2020 general election in the State of Ohio.  He also seeks to circulate and gather signatures for a petition to form the Green Party of Ohio as a minor political party under Ohio law.  He is in one or more high-risk categories subject to life-threatening complications from "COVID-19".

22.     Becca Calhoun is a plaintiff and registered voter in the State of Ohio.  She is an experienced circulator of candidates' nominating petitions, has successfully gathered signatures to nominate candidates, and seeks to do so for the November 3, 2020 general election in the State of Ohio.  She also seeks to circulate and gather signatures for a petition to form the Green Party of Ohio as a minor political party under Ohio law.  She is in one or more high-risk categories subject to life-threatening complications from "COVID-19".

23.     Anita Rios is a plaintiff and registered voter in the State of Ohio.  She is an experienced circulator of candidates' nominating petitions, has successfully gathered signatures to nominate candidates, and seeks to do so for the November 3, 2020 general election in the State of Ohio.  She also seeks to circulate and gather signatures for a petition to form the Green Party of Ohio as a minor political party under Ohio law.  She is in one or more high-risk categories subject to life-threatening complications from "COVID-19".

24.     Richard "Mike" DeWine is a defendant and the duly elected Governor of the State of Ohio.  He is empowered by the laws of the State of Ohio to declare emergencies and authorize State departments and agencies to take measures affecting the lives, safety, and health of Ohio residents.  Such measures include limiting public gatherings, restricting business activity, and imposing social distancing requirements that prevent the collection of signatures on nominating petitions and on minor party formation petitions.

[7]

25.     Frank LaRose is a defendant and the duly elected Secretary of State for the State of Ohio. He is empowered by the laws of the State of Ohio to enforce statutes and rules governing candidate nominating petitions and elections, enforce statutes and rules governing minor political party formation, direct that county election boards comply with state and federal election laws and rules, issue instructions by directives and advisories to members of county election boards for conducting elections, prepare rules and instructions for conducting elections, and compel the observance of election laws and rules by county election officials.

26.     Amy Acton is a defendant and the duly appointed Director of the Ohio Department of Health.  She is empowered by Ohio Rev. Code §3701.13 to make special orders for preventing the spread of contagious or infectious diseases.  Such orders include limiting public gatherings, restricting business activity, and imposing social distancing requirements that prevent the collection of signatures on nominating petitions and on minor party formation petitions. At all times material hereto, the defendants were acting under color of State law.

27.     Defendants are being sued in their official capacities under 42 U.S.C. §1983 and 28 U.S.C. §2201 for injunctive and declaratory relief.

**Facts**

28.     In the 2018 general election held in the State of Ohio, the candidate for Governor nominated by the Green Party of Ohio failed to receive three percent (3%) of the total vote cast for this office.  As a result, the Green Party of Ohio lost its minor party status under Ohio Rev. Code §3501.01(F).  Its candidates for federal offices on the November 3, 2020 general election ballot are now required by the laws of the State of Ohio to run as independent candidates.

29.     To qualify plaintiffs Hawkins and Hunter for the November 3, 2020 general election ballot, Ohio Rev. Code §3513.257 requires that his nominating petition for election as President of the

United States be filed with the Ohio Secretary of State no later than 4:00 p.m. on August 5, 2020, and that his nominating petition contain no fewer than 5,000 signatures of qualified Ohio electors.

30.     Ohio Rev. Code §3501.38(E) requires that the circulator of a candidate's nominating petition sign a statement under penalty of perjury saying: (a) the circulator witnessed the affixing of each signature on the petition; (b) all signers, to the best of the circulator's knowledge and belief, were qualified to sign; and (c) each signature is, to the best of the circulator's knowledge and belief, the signature of the person whose signature it purports to be.

31.     Circulators of nominating petitions for plaintiffs Hawkins and Hunter must therefore collect and witness the signature of each elector in person.

32.     To form the Green Party of Ohio as a minor political party in the State of Ohio, Ohio Rev. Code §3517.012(A) requires that its party formation petition be filed with the Ohio Secretary of State no later than 4:00 p.m. on June 30, 2020.

33.     Ohio Rev. Code §3517.011 requires that the circulator of a minor party formation petition sign a statement under penalty of perjury saying: (a) the circulator witnessed the affixing of each signature on the petition; (b) all signers, to the best of the circulator's knowledge and belief, were qualified to sign; and (c) each signature is, to the best of the circulator's knowledge and belief, the signature of the person whose signature it purports to be.

34.     Circulators of a minor party formation petition for the Green Party of Ohio must therefore collect and witness the signature of each elector in person.

35.     In December 2019, an outbreak of respiratory disease caused by novel coronavirus "COVID-19" emerged in Wuhan, China.  The respiratory disease caused by "COVID-19" is a highly contagious and infectious disease that can spread serious illness and death from person to person.

[9]

36.    On January 30, 2020, the World Health Organization declared "COVID-19" to be a Public Health Emergency of International Concern.

37.    On January 31, 2020, the Director of the National Center for Immunization and Respiratory Diseases announced that "COVID-19" had spread to the United States.[1]

38.    On February 27, 2020, the Centers for Disease Control recommended that members of the public practice "social distancing" and minimize close contact with others in order to slow the spread of "COVID-19".

39.    On March 11, 2020, the World Health Organization declared "COVID-19" to be a global pandemic.

40.    On March 9, 2020, defendant DeWine authored and signed Executive Order 2020-01D in his capacity as Governor, declaring an emergency in the entire State of Ohio "to protect the well-being of the citizens of the Ohio from the dangerous effects of COVID-19, to justify the authorization of personnel of State departments and agencies as are necessary, to coordinate the State response to COVID-19, and to assist in protecting the lives, safety, and health of the citizens of Ohio."[2]

41.    Before this, plaintiffs were circulating and collecting signatures on nominating petitions to place plaintiffs Hawkins and Hunter on the November 3, 2020 general election ballot, and were circulating and collecting signatures on a petition to form the Green Party of Ohio as a minor political party, in Ohio.

---

[1] https://www.cdc.gov/media/releases/2020/p0130-coronavirus-spread.html.

[2] https://governor.ohio.gov/wps/portal/gov/governor/media/executive-orders/executive-order-2020-01-d

42.     On March 12, 2020, defendant DeWine ordered that all private and public schools, grades K through 12, be closed.[3]

43.     On March 12, 2020, defendant Acton ordered that "mass gatherings are prohibited in the State of Ohio", and defined mass gatherings as "any event or convening that brings together one hundred (100) or more persons in a single room or single space at the same time, such as . . . confined indoor or outdoor space[s] . . . [including] parades, fairs, and festivals."[4] Although this social distancing order said that it did not apply to "gatherings for the . . . expression of First Amendment protected speech", such language is vague and failed to give the plaintiffs and other persons of ordinary intelligence fair notice as to whether circulating petitions was allowed or prohibited.

44.     Ohio Rev. Code §3701.352 provides that "[n]o person shall violate any rule the director of health or department of health adopts or any order the director or department of health issues under this chapter to prevent a threat to the public caused by a pandemic, epidemic, or bioterrorism event." A violation of this statute is a second-degree misdemeanor punishable by a fine of up to $750.00, up to 90 days in jail, or both.

45.     Ohio Rev. Code §3701.56 empowers boards of health of a general or city health district, health authorities and officials, officers of state institutions, police officers, sheriffs, constables, and other officers and employees of the state or any county, city, or township to enforce quarantine and isolation orders that the Ohio Department of Health adopts.

---

[3] https://governor.ohio.gov/wps/portal/gov/governor/media/news-and-media/
announces-schoolclosures.

[4] https://content.govdelivery.com/attachments/OHOOD/2020/03/12/file_attachments/1399681/
ODH%20Order%20to%20Limit%20and%20Prohibit%20Mass%20Gatherings,%203.12.20.pdf

46.     Ohio Rev. Code §3701.57 authorizes "prosecutions . . . for the violation of any of the orders or rules of the department [of health]" in the court of common pleas for the county in which the offense occurred.

47.     On March 13, 2020, the President of the United States declared a national emergency, retroactive to March 1, 2020, due to the "COVID-19" outbreak in the United States.[5]

48.     On March 15, 2020, defendant Acton ordered that all restaurants, liquor stores, and eating establishments be closed, and limited them to carry-out only.

49.     On March 16, 2020, defendant Acton ordered that all polling places in the State of Ohio be closed, thereby canceling the March 17, 2020 primary election.  Defendant LaRose re-scheduled this primary election to April 28, 2020 by mail-in vote only.

50.     On March 17, 2020, defendant Acton issued an Amended Order extending her ban on mass gatherings to groups of fifty (50) or more persons and ordered that most recreational sites in Ohio be closed, including "bowling alleys; health clubs/fitness centers/workout facilities/gyms/yoga studios; indoor trampoline parks; indoor water parks; movie theatres and performance theatres; public recreation facilities and indoor sports events.[6]  Although this amended social distancing order said that it did not apply to "gatherings for the . . . expression of First Amendment protected speech", such language is vague and failed to give the plaintiffs and other persons of ordinary intelligence fair notice as to whether circulating petitions was allowed or prohibited.

---

[5] https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergencyconcerning-novel-coronavirus-disease-covid-19-outbreak
[6] https://coronavirus.ohio.gov/wps/wcm/connect/gov/dd504af3-ae2c-4d2e-b2bd-02c1a3beed89/
Director%27s+ Order-+Amended+Mass+Gathering+3.17.20+-%281%29.pdf?MOD=
AJPERES&CONVERT_TO=url&CACHEID=ROOTWORKSPACE.Z18_
M1HGGQO9DDDDM3000-dd504af3-ae2c-4d2e-b2bd-02c1a3beed89-n6XVz7y

[12]

51.     On March 19, 2020, defendant Acton ordered that all barber shops, hair salons, day spas, tattoo parlors, and similar places of business be closed.

52.     On March 22, 2020, defendant Acton issued a "Stay at Home" social distancing order that everyone in the State of Ohio "stay at home or at their place of residence" unless subject to a specific exception for "essential" services, businesses, and operations; that everyone maintain at least a six foot social distance between themselves and others outside "a single household or living unit"; and that completely banned gatherings of ten or more people.[7]   Although this social distancing order said that "First [A]mendment protected speech" was essential, such language is vague and failed to give the plaintiffs and other persons of ordinary intelligence fair notice as to whether circulating petitions was allowed or prohibited.

53.     On April 30, 2020, defendant Acton issued a "Stay Safe Ohio" social distancing order that still required the general public to abide by "Social Distancing Requirements as defined in this Order . . . [for] maintaining six-foot social distancing . . . [between] members of the public", and also alleged that it did not apply to "petition or referendum circulators".[8]   This order is self-contradictory, vague, and failed to give the plaintiffs and other persons of ordinary intelligence fair notice as to whether circulating petitions was allowed or prohibited.

54.     Defendant Acton's purported exclusion of petition circulators from her "Stay Safe Ohio" order is overshadowed by requiring the general public to continue six-foot social distancing. Circulators cannot gather petition signatures while social distancing orders continue because fewer people congregate in public places and fewer people will open their doors to strangers.

---

[7] https://coronavirus.ohio.gov/static/DirectorsOrderStayAtHome.pdf
[8] https://coronavirus.ohio.gov/static/publicorders/Directors-Stay-Safe-Ohio-Order.pdf

55.     Defendant LaRose has been enforcing the orders of defendants DeWine and Action as they affect collecting signatures on nominating petitions to place plaintiffs Hawkins and Hunter on the November 3, 2020 general election ballot, and as they affect collecting signatures on a petition to form the Green Party of Ohio as a minor political party.

56.     Defendants' actions deprived the plaintiffs of adequate time to collect signatures on nominating petitions for plaintiffs Hawkins and Hunter, and then file the petitions with the Ohio Secretary of State.

57.     Defendants' actions also deprived the plaintiffs of adequate time to collect signatures on the minor party formation petition for the Green Party of Ohio, and then file the petition with the Ohio Secretary of State.

**First Claim for Relief: First Amendment Violations of 42 U.S.C. §1983**

58.     Plaintiffs restate each and every allegation contained in Paragraphs 1 through 57, inclusive, of this Complaint as if fully rewritten herein.

59.     According to 42 U.S.C. §1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

60.     Under the First Amendment to the United States Constitution, plaintiffs are guaranteed rights to ballot access, freedom of speech, and freedom of association.

61.     Rights guaranteed to the plaintiffs by the First Amendment are protected against state action by the Fourteenth Amendment to the United States Constitution.

[14]

62.    Ohio's ballot access requirements for the November 3, 2020 general election are state action.

63.    Ohio's minor political party formation requirements are also state action.

64.    Defendants placed a severe burden on the ability of plaintiffs Hawkins and Hunter to seek elective office in Ohio, and placed a severe burden on the ability of plaintiffs to form the Green Party of Ohio as a minor party, because:

   a.    Language in defendant Acton's March 12, 2020, March 17, 2020, and March 22, 2020 social distancing orders, to the effect that they did not apply to gatherings for the expression of First Amendment protected speech, was unconstitutionally vague by failing to give plaintiffs and other persons of ordinary intelligence fair notice of whether they would be violating Ohio Rev. Code §3701.352 by circulating petitions;

   b.    Language in defendant Acton's April 30, 2020 "Stay Safe Ohio" order, to the effect that it did not apply to petition circulators, was unconstitutionally vague because it was overshadowed by requirements that the general public continue six-foot social distancing, and thereby failed to give plaintiffs and other persons of ordinary intelligence fair notice of whether they would be violating Ohio Rev. Code §3701.352 by circulating petitions; and

   c.    Language in defendant Acton's March 12, 2020, March 17, 2020, and March 22, 2020 social distancing orders, to the effect that they did not apply to gatherings for the expression of First Amendment protected speech, and language in defendant Acton's April 30, 2020 "Stay Safe Ohio" order, to the effect that it did not apply to petition circulators, are therefore void.

[15]

65.     Plaintiffs' rights to ballot access, freedom of speech, and freedom of association are severely burdened by the defendants because Ohio's nominating petition signing and filing requirements unconstitutionally operate in combination with Ohio's "COVID-19" emergency orders to exclude or virtually exclude plaintiffs Hawkins and Hunter from the November 3, 2020 general election ballot.[9]

66.     Plaintiffs' rights to ballot access, freedom of speech, and freedom of association are severely burdened by the defendants because Ohio's minor party formation petition signing and filing requirements unconstitutionally operate in combination with "COVID-19" emergency orders to exclude or virtually exclude the Green Party of Ohio from forming as a minor political party.[10]

67.     Ohio's ballot access requirements for the November 3, 2020 general election have caused injury-in-fact to the plaintiffs, and such injuries are directly traceable to the nominating petition signing and filing requirements operating in combination with Ohio's "COVID-19" emergency orders.

68.     Ohio's minor political party formation requirements have caused injury-in-fact to the plaintiffs, and such injuries are directly traceable to the minor party formation petition signing and filing requirements operating in combination with Ohio's "COVID-19" emergency orders.

69.     Ohio's nominating petition signing and filing requirements are unconstitutional as applied under the First Amendment.

70.     The minor party formation petition signing and filing requirements are unconstitutional as applied under the First Amendment.

---

[9] See Esshaki v. Whitmer, No. 20-1336, 2020 WL 2185553, at *1 (6th Cir., May 5, 2020)
[10] See Thompson v. DeWine, No. 2:20-cv-2129, 2020 WL 2557064, at *9 (S.D. Ohio, May 19, 2020)

[16]

71.     A real and actual controversy exists between the parties.

72.     This Court is empowered to redress plaintiffs' injuries by:

a.      Enjoining the enforcement of in-person nominating petition signing and filing requirements to qualify plaintiffs Hawkins and Hunter for the November 3, 2020 general election ballot; and

b.      Enjoining the enforcement of in-person petition signing and filing requirements to form the Green Party of Ohio as a minor party in the State of Ohio; or altenatively

c.      Ordering placement of plaintiffs Hawkins and Hunter on the November 3, 2020 general election ballot; and

d.      Ordering formation of the Green Party of Ohio as a minor political party in the State of Ohio;

73.     Plaintiffs have no adequate remedy at law.

74.     Plaintiffs are suffering irreparable harm as a result of the violations of their rights described above, and this harm will continue unless declared unconstitutional and enjoined by this Court.

**Second Claim for Relief: Fourteenth Amendment Equal Protection Violations of 42 U.S.C. §1983**

75.     Plaintiffs restate each and every allegation contained in Paragraphs 1 through 74, inclusive, of this Complaint as if fully rewritten herein.

76.     Plaintiffs' rights to ballot access, freedom of speech, and freedom of association are guaranteed to the plaintiffs by the Equal Protection Clause of the Fourteenth Amendment.

77.     Ohio's in-person nominating petition signing and filing requirements deny the plaintiffs ballot access, freedom of speech, and freedom of association by operating in combination with Ohio's "COVID-19" emergency orders to exclude or virtually exclude plaintiffs Hawkins and Hunter from the November 3, 2020 general election ballot.

[17]

78.     Ohio's in-person party formation petition signing and filing requirements deny the plaintiffs ballot access, freedom of speech, and freedom of association by operating in combination with Ohio's "COVID-19" emergency orders to exclude or virtually exclude the Green Party of Ohio from forming as a minor political party.

79.     Accordingly, Ohio's nominating and minor party petition signing and filing requirements are unconstitutional as applied under Fourteenth Amendment equal protection.

**Third Claim for Relief: Fourteenth Amendment Due Process Violations of 42 U.S.C. §1983**

80.     Plaintiffs restate each and every allegation contained in Paragraphs 1 through 79, inclusive, of this Complaint as if fully rewritten herein.

81.     Plaintiffs' rights to ballot access, freedom of speech, and freedom of association are guaranteed to the plaintiffs by the Due Process Clause of the Fourteenth Amendment.

82.     Ohio's in-person nominating petition signing and filing requirements deny the plaintiffs ballot access, freedom of speech, and freedom of association by operating in combination with Ohio's "COVID-19" emergency orders to exclude or virtually exclude plaintiffs Hawkins and Hunter from the November 3, 2020 general election ballot.

83.     Ohio's requirements for in-person party formation petition signing and filing requirements deny the plaintiffs ballot access, freedom of speech, and freedom of association by operating in combination with Ohio's "COVID-19" emergency orders to exclude or virtually exclude the Green Party of Ohio from forming as a minor political party.

84.     Accordingly, Ohio's nominating and minor party petition signing and filing requirements are unconstitutional as applied under Fourteenth Amendment due process.

        **WHEREFORE**, the plaintiffs respectfully pray that this Court:

a.     Declare that the in-person nominating petition signing and filing requirements to qualify plaintiffs Howard "Howie" Hawkins and Dario Hunter for the November 3, 2020 general election ballot are unconstitutional as applied under the "COVID-19" emergency orders issued by the defendants and:

1.     Declare that Ohio's in-person nominating petition signing and filing requirements violate the First Amendment as applied in this case;

2.     Declare that Ohio's in-person nominating petition signing and filing requirements violate Fourteenth Amendment equal protection as applied in this case; and

3.     Declare that Ohio's in-person nominating petition signing requirements and nominating petition filing requirements violate Fourteenth Amendment due process as applied in this case.

b.     Declare that Ohio's in-person petition signing and filing requirements to form the Green Party of Ohio as a minor political party are unconstitutional as applied under the "COVID-19" emergency orders issued by the defendants and:

1.     Declare that Ohio's in-person minor party petition signing and filing requirements violate the First Amendment as applied in this case;

2.     Declare that Ohio's in-person minor party petition signing and filing requirements violate Fourteenth Amendment equal protection as applied in this case; and

3.     Declare that Ohio's in-person minor party petition signing and filing requirements violate Fourteenth Amendment due process as applied in this case.

c.     Issue a temporary restraining order, preliminary injunction, and permanent injunction against the defendants and:

[19]

1.    Enjoin the enforcement of in-person nominating petition signing and filing requirements to qualify plaintiffs Hawkins and Hunter for the November 3, 2020 general election ballot; and

2.    Enjoin the enforcement of in-person petition signing and filing requirements to form the Green Party of Ohio as a minor political party in the State of Ohio.

d.    In the alternative, issue a temporary restraining order, preliminary injunction, and permanent injunction against the defendants and:

1.    Order placement of plaintiffs Hawkins and Hunter on the November 3, 2020 general election ballot; and

2.    Order formation of the Green Party of Ohio as a minor political party in the State of Ohio.

e.    Order the defendants to pay to plaintiffs their costs and a reasonable attorney's fees under 42 U.S.C. §1988(b); and

f.    Retain jurisdiction over this matter and order defendants to provide to plaintiffs any additional relief the Court deems just and proper.


Respectfully submitted,

*/s/ Constance A. Gadell-Newton*
Constance A. Gadell-Newton (0085373)

*/s/ Robert J. Fitrakis*
Robert J. Fitrakis (0076796)
FITRAKIS & GADELL-NEWTON, LLC
1021 East Broad Street
Columbus, OH  43205
Phone: (614) 307-9783
Fax: (614) 929-3513
E-Mail: fgnlegal@gmail.com
*Trial Attorneys for Plaintiffs*

[20]

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true copy of the foregoing was filed using the CM/ECF System on June 9, 2020, and served on Julie M. Pfeiffer, Michael Allan Walton, and Renata Y. Staff, Ohio Attorney General's Office, 30 E. Broad Street, 16th Floor, Columbus, OH 43215, attorneys for defendants.


*/s/ Robert J. Fitrakis*
_____
Robert J. Fitrakis (0076796)

[21]

06/05/2020 15:55    315--449-2910          FEDEX OFFICE    5802          PAGE 02

## VERIFICATION OF PLAINTIFF
### (pursuant to 28 U.S.C. §1746)

I, _Howie Hawkins_, verify under penalty of perjury in accordance with the laws of the United States of America that I am a plaintiff in this action and that the foregoing Verified Complaint is true and correct.

_Howie Hawkins_

Executed on: _June 5, 2020_

[22]

## VERIFICATION OF PLAINTIFF
### (pursuant to 28 U.S.C. §1746)

I, Nathaniel David Lane, verify under penalty of perjury in accordance with the laws of the United States of America that I am a plaintiff in this action and that the foregoing Verified Complaint is true and correct.

Executed on: 6/7/20

**<u>VERIFICATION OF PLAINTIFF</u>**
**(pursuant to 28 U.S.C. §1746)**

I, Becca Calhoun, verify under penalty of perjury in accordance with the laws of the United States of America that I am a plaintiff in this action and that the foregoing Verified Complaint is true and correct.

_Becca Calhoun_

Executed on: _6/05/2020_

[24]

**VERIFICATION OF PLAINTIFF**
**(pursuant to 28 U.S.C. §1746)**

I, _Joseph R. Delly_ verify under penalty of perjury in accordance with the laws of the United States of America that I am a plaintiff in this action and that the foregoing Verified Complaint is true and correct.

Executed on: _June 8th, 2020_

[25]

**VERIFICATION OF PLAINTIFF**
**(pursuant to 28 U.S.C. §1746)**

I, ___Dario Hunter___, verify under penalty of perjury in accordance with the laws of the United States of America that I am a plaintiff in this action and that the foregoing Verified Complaint is true and correct.

_(signature)_

Executed on: ___06/08/2020___

## VERIFICATION OF PLAINTIFF
### (pursuant to 28 U.S.C. §1746)

I, _Brett Joseph_ , verify under penalty of perjury in accordance with the laws of the United States of America that I am a plaintiff in this action and that the foregoing Verified Complaint is true and correct.

Executed on: _6 / 8 / 2020_

[27]

**VERIFICATION OF PLAINTIFF**
**(pursuant to 28 U.S.C. §1746)**

I, _ANITA RÍOS_ , verify under penalty of perjury in accordance with the laws of the United States of America that I am a plaintiff in this action and that the foregoing Verified Complaint is true and correct.

_Anita Ríos_

Executed on: _6/6/2020_

[28]